Nathan Galvin v. Commissioner.
Galvin v. Commissioner
Docket No. 36832.
United States Tax Court
1952 Tax Ct. Memo LEXIS 110; 11 T.C.M. (CCH) 865; T.C.M. (RIA) 52272; August 15, 1952
*110 Paul M. Stewart, Jr., Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined deficiencies against petitioner in income and victory tax for the years 1942-1945, inclusive, and also added the so-called 50 per cent fraud penalty to these deficiencies pursuant to Section 293 (b), Internal Revenue Code, as follows: Addition
Deficiency
for fraud
1942
Income Tax
$ 9,315.74
$ 4,657.87
1943
Income and Victory
Tax
19,101.11
9,550.56
1944
Income Tax
37,719.24
18,859.62
1945
Income Tax
2,570.83
1,285.42 Petitioner filed his returns for each of the years with the collector of internal revenue for the first district of New York. Petitioner did not appear at the trial, either in person or by counsel. Since the burden of proof was upon petitioner to show that the Commissioner erred in determining the basic deficiencies and since petitioner offered no proof of any character, the decision must go against petitioner to this extent for failure of proof. In connection with the additions for fraud, the Commissioner made affirmative allegations of fraud *111 in his answer to the petition, but petitioner filed no responsive pleading controverting these allegations. Moreover, at the trial, the Commissioner undertook to discharge the burden, which he conceived to be upon him, to prove his allegations of fraud. It may well be that he was subject to no such burden, in view of petitioner's failure to controvert the pertinent allegations. Nevertheless, we have examined all the evidence submitted and are satisfied and so find as a fact that a part of each deficiency was due to fraud with intent to evade tax. Decision will be entered for the respondent.